**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000431
17-MAY-2024
09:03 AM
Dkt. 93 SO**

NO. CAAP-19-0000431

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WANDA L. LEOPOLDINO, Claimant-Appellant-Appellant, v.
STATE OF HAWAIʻI, DEPARTMENT OF EDUCATION,
Employer-Appellee/Self-Insured-Appellee.

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2015-463(H)(T)(1-08-10021))

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Claimant-Appellant-Appellant Wanda L. Leopoldino

(**Leopoldino**) appeals from the Labor and Industrial Relations

Appeals Board's (**Board**) May 14, 2019 Decision and Order. In her

points of error, Leopoldino challenges several findings of fact

(**FOF**) and a conclusion of law (**COL**).

Upon careful review of the record and the briefs

submitted by the parties and having given due consideration to

the issues raised and the arguments advanced, we resolve the

points of error as discussed below.

Specifically, Leopoldino challenges FOF numbers 3, 4, 5, 7, and 8, and COL number 1. FOF numbers 3, 4, 5, and 7 made credibility determinations, which we will not disturb. See generally, Pave v. Prod. Processing, Inc., 152 Hawaiʻi 164, 172, 524 P.3d 355, 363 (App. 2022) (holding when reviewing FOF, this court "cannot consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony . . . .") (citation and internal quotation marks omitted).

FOF number 8 and COL number 1 are related, and state:

**FOF 8:** "The Board finds that [Leopoldino] has not met her burden of proving that she sustained [permanent partial disability] as a result of her October 25, 2007 work injury."

**COL 1:** "The Board concludes that [Leopoldino] sustained no permanent partial disability as a result of the work injury of October 25, 2007."

(Emphases added.) The issue before the Board was whether Leopoldino "sustained any permanent partial disability as a result of the work injury of October 25, 2007. If so, what is the extent of permanent partial disability." (Emphasis added.)

The Board relied on Hawaiʻi Revised Statutes (**HRS**) § 91-10(5) (2012), under the Administrative Procedure chapter,

2

which provides "[e]xcept as otherwise provided by law, the party initiating the proceeding shall have the burden of proof, including the burden of producing evidence as well as the burden of persuasion.  The degree or quantum of proof shall be a preponderance of the evidence."  (Emphasis added.)

HRS chapter 386, the Workers' Compensation Law, otherwise provides in part, "[i]n any proceeding for enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary . . . [t]hat the claim is for a covered work injury[.]"  HRS § 386-85(1) (2015).

The HRS § 386-85(1) presumption applies "in any proceeding for compensation due to an allegedly compensable consequence of a work-related injury."  Igawa v. Koa House Rest., 97 Hawaiʻi 402, 407, 38 P.3d 570, 575 (2001) (holding the presumption applied where the "issue before the Board was not merely whether and to what extent Claimant was permanently disabled, but also whether the disability was a result of the work injury").  "In order to overcome the HRS § 386-85(1) presumption of work-relatedness, the employer must introduce substantial evidence to the contrary."  Id.

In Igawa, the director awarded the claimant temporary total disability, "but stated that permanent disability and disfigurement benefits, if any, would be determined at a later

date." Id. at 404, 38 P.3d at 572. Two years later, the director held a hearing, and issued a decision discussing in part, permanent disability. Id. The employer appealed to the Board, who framed the permanent disability issue as, "[w]hat is the extent of permanent disability resulting from the work injury[.]" Id. The Board concluded the claimant "did not sustain any permanent disability attributable to his October 3, 1991 work injury[.]" Id. at 405, 38 P.3d at 573. This court however held that the Board erred because under HRS § 386-85(1), the employer had the burden to rebut the presumption the claimant suffered permanent partial disability as a result of the work injury. Id.

On certiorari to the Hawaiʻi Supreme Court, the employer argued because the director's earlier "decision already established that Claimant's injury arose out of and in the course of his employment, the [HRS § 386-85] presumptions did not apply." Id. at 406, 38 P.3d at 574. The supreme court disagreed, and explained the "issue before the Board was not merely whether and to what extent Claimant was permanently disabled, but also whether the disability was a result of the work injury." Id. at 407, 38 P.3d at 575. "Thus, whether the cause of Claimant's permanent disability was work-related was clearly at issue in the proceedings and the HRS § 386-85 presumptions applied." Id.

4

Like Igawa, the issue of permanent partial disability here was deferred to a later date. Id. at 404, 38 P.3d at 572. Also like Igawa, in finally addressing permanent partial disability, the "issue before the Board was not merely whether and to what extent Claimant was permanently disabled, but also whether the disability was a result of the work injury." Igawa, 97 Hawaiʻi at 407, 38 P.3d at 575. Further, FOF number 8 and COL number 1 in the Board's May 14, 2019 Decision and Order did not stop at whether disability existed, but determined whether the disability was work related. Thus, the HRS § 386-85(1) presumption applied, and the Board erred in applying the HRS § 91-10(5) burden of proof.[1]

Based on the foregoing, we vacate the Board's May 14, 2019 Decision and Order, and remand this case for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, May 17, 2024.

On the briefs:

Ted H.S. Hong,
for Claimant-Appellant-
Appellant.

James E. Halvorson,
Deputy Attorney General,
for Employer-Appellee/Self-
Insured-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[1] In its answering brief, the employer, the State of Hawaiʻi Department of Education, does not argue it adduced substantial credible evidence that Leopoldino did not suffer any permanent impairment as a result of the work accident; thus, we do not address this issue. See generally, Igawa, 97 Hawaiʻi at 407, 38 P.3d at 575.